KINGS COUNTY.—HON. ABRAHAM LOTT, SURRO-GATE.—June, 1888.

SCHWARTZ *v.* BRUDER.

*In the matter of the probate of the will of* ANNA E. SCHWARTZ, *deceased.*

The following provision in a will: " I hereby direct that my executor herein-after named to have masses read for the repose of my soul for which I direct him to expend the sum of five hundred dollars,"—
*Held,* void.
Holland v. Alcock, 108 *N. Y.*, 312—followed.

CONSTRUCTION of decedent's will, upon application, by Joseph Bruder, therein nominated sole executor, for a decree admitting the same to probate. John Schwartz and another, next of kin of decedent, appeared as contestants.

HENRY FUEHRER, *for petitioner:*

THE testatrix had a right to provide in her will that

:a reasonable amount should be expended by the exe-·cutors for masses for the repose of the soul.

The amount directed to be expended for that pur-pose does not exceed the amount limited by statute which can be bequeathed to religious societies (the es-tate being something over $3,000), nor will the per-:son who objects to that clause of the will be benefited :by the invalidation of that part of the will.

In judging of this part of the will the Surrogate has :a right to take into consideration all the circumstances ·of the case, the fact that decedent left no children, that the estate is amply sufficient and that there is not a particle of evidence on the part of the contest-.ant, that the provision of the will in question is an *improper* one.

EDWARD P. SCHELL, *for next of kin:*

THE direction for masses is void. The case at bar is stronger than that of Holland v. Alcock (108 *N. Y.*, 312), for, in that case, there was a direction that the "masses should be offered in a Roman Catholic church to be selected by the executors"; while here no bene-ficiary of any kind is named; no defined or ascertain-able living person, or even corporation, has or ever ·can have any temporal interest in the bequest; and the court says that even if a specified church had been named, a different question would arise. Cites, also, ·Gilman v. McArdle (99 *N. Y.*, 451); Power v. Cassidy (79 *id.*, 602); Prichard v. Thompson (95 *id.*, 76).

THE SURROGATE.—In this proceeding I am required to pass upon the validity of the following clause of

the will of decedent: "I hereby direct that my exec-
utor hereinafter named to have masses read for the
repose of my soul for which I direct him to expend
the sum of five hundred dollars." I am constrained
by the decision of the Court of Appeals in the case of
Holland v. Alcock (108 *N. Y.*, 312) to determine this
disposition to be invalid.